**CLEGG, P.C.**
Perry S. Clegg (USB No. 7831)
   *court@cleggiplaw.com; pclegg@cleggiplaw.com*
299 South Main, Suite 1300
Salt Lake City, UT 84111
Telephone: (801) 532-3040
Facsimile: (801) 532-3042

*Attorney for Defendants,*
*Robert G. Adamson III*
*XMLAuthor, Inc.*

# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ZVI (HARRY) KURTZMAN, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> ROBERT G. ADAMSON, III, an individual; XMLAUTHOR, INC., a Delaware Corporation, <br><br> Defendants. | **MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND TO STATE COURT** <br><br> Civil No. 2:14-cv-00486-DAK <br><br> Judge Dale A. Kimball |

    Defendants, Robert G. Adamson III ("Mr. Adamson") and XMLAuthor, Inc. ("XMLAuthor"), by and through their undersigned counsel, respectfully submit this memorandum in opposition to the Motion to Remand to State Court filed by Plaintiff, Zvi (Harry) Kurtzman ("Mr. Kurtzman" or "Plaintiff") and request that the Court deny Mr. Kurtzman's motion.

## I.    INTRODUCTION

    At least two of Mr. Kurtzman's causes of action on their face arise under federal law because they require a determination under federal law in order for Mr. Kurtzman to prove liability. Mr. Kurtzman argues this case should be remanded because all of his causes of action allegedly arise under state law and only tangentially involve patent rights. Mr. Kurtzman, however, ignores

1

recent U.S. Supreme Court and Federal Circuit Court of Appeals case law addressing the proper test for and meaning of the term "arising under" federal law.  Moreover, the cases cited by Mr. Kurtzman are distinguishable on their facts from the present case.

Furthermore, patent rights are not merely tangential to or a reference in Mr. Kurtzman's allegations, but rather relief requested by Mr. Kurtzman under two of his claims for relief necessarily depends on resolution of a substantial question of federal patent law. Resolution of this federal law issue will have forward-looking consequences affecting patent rights, which according to recent U.S. Supreme Court and Federal Circuit Court of Appeals case law may raise a federal question.  Accordingly, Defendants respectfully request that removal be sustained and that Mr. Kurtzman's request for attorney fees and costs be denied.

## II. LEGAL STANDARD

"A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005); 28 U.S.C. §1441. A United States District Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States;" *see* 28 U.S.C. § 1331, and has "original jurisdiction of any civil action arising under any Act of Congress relating to patents." *See* 28 U.S.C. § 1338 (a). Furthermore, under the new America Invents Act, a U.S. District Court has original jurisdiction off a "civil action in which ***any party asserts a claim for relief*** arising under any Act of Congress ***relating to patents***." 28 U.S.C. §1454 (emphasis added).

A claim may "arise under" the patent law even where patent law did not create the cause of action, provided that the "well-pleaded complaint establishes . . . that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law." *Forrester Environmental Services, Inc. v. Wheelabrator Technologies, Inc.*, 715 F.3d 1329, 1333 (Fed. Cir. 2013)(*citing Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 808-09 (1988)). Thus, even a cause of action created by state law may "aris[e] under" federal patent law within the

meaning of 28 U.S.C. § 1338 if it involves a patent law issue that is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Forester Environmental Services,* 715 F.3d at 133 (*quoting Gunn v. Minton*, 568 U.S. __, __, 133 S. Ct. 1059, 1065, 185 L. Ed. 2d 72 (2013)).

Even though state law generally governs the interpretation of contracts, the question of whether a contractual provision creates a patent assignment or whether it creates an obligation to assign a patent in the future ***is a matter of federal law***. *DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*, 517 F.3d 1284, 1290 (Fed. Cir. 2008); *see also Abraxis Bioscience, Inc., v. Navinta LLC*, 625 F.3d 1359, 1364 (Fed. Cir. 2010). This is so because the provision for assignment of a patent is intimately bound up with the question of standing in patent cases. *DDB Techs., L.L.C.*, 517 F.3d at 1290; *Abraxis Bioscience, Inc.,* 625 F.3d at 1364.

The determination of whether or not there is a substantial patent law issue and whether or not resolution of that issue by a federal court will disrupt the federal-state balance approved by Congress may depend on whether the federal law issue is a backward-looking hypothetical or has forward-looking consequences that could impact rights determined by federal law. *See Gunn*, 133 S. Ct. at 1066-68; *see also Forrester Environmental Services*, 715 F.3d at 1333-34.

Regarding the awarding of attorney fees in cases involving removal, the U.S. Supreme Court has stated that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin*, 546 U.S. at 136.

### III.   ARGUMENT

*A.   The Court Should Sustain Removal Because Two of Mr. Kurtzman's Causes of Action Arise Under Federal Law*

Mr. Kurtzman argues that "[a] state cause of action that incorporates federal law by reference does not 'arise under' federal law." See Motion to Remand, p. 6 (citation omitted). As support, Mr. Kurtzman cites *Zieg v. Shearson/Am. Exp. Inc.*, 592 F.Supp. 612, 613–14 (E.D. Va. 1984). However, the court in *Zieg* was specifically addressing a "state law negligence cause of

action" for prior violations of the Securities and Exchange Act, *see id*. at 614, and was not setting forth a universal rule establishing that state created causes of action incorporating federal law do not arise under federal law. To the contrary, the U.S. Supreme Court and the U.S. Court of Appeals for the Federal Circuit have held that state created causes of action may arise under federal patent law under certain circumstances. *See Forrester Environmental Services*, 715 F.3d at 1333 (even a cause of action created by state law may "arise under" federal patent law within the meaning of 28 U.S.C. § 1338)(*citing Gunn v. Minton*, 568 U.S. __, __, 133 S. Ct. 1059, 1065, 185 L. Ed. 2d 72 (2013)).

In fact, a number of courts have held that state created causes of action arose under federal patent law in certain cases where the state law claims were premised on determination of an underlying patent law related issue. For example, in *Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc.,* 986 F.2d 476, 478 (Fed. Cir. 1993), the Federal Circuit held that the plaintiff's state law business disparagement claims arose under patent law for the purposes of 28 U.S.C. § 1338. Likewise, in *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, the court held that the plaintiff's state cause of action for "injurious falsehood" premised on the theory that the defendant falsely claimed to "hold exclusive rights to make or sell window shades covered by one or more" patents arose under federal patent law, because the question of falsity turned on issues of validity and enforceability, which presented "a substantial question of federal patent law." *Hunter Douglas, Inc. v. Harmonic Design, Inc.,* 153 F.3d 1318, 1329-31 (Fed. Cir. 1998) (quotations omitted), overruled on other grounds by *Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356 (Fed. Cir. 1999) (en banc); *cf. Forrester Environmental Services*, 715 F.3d at 1334.

Mr. Kurtzman has also cited several cases as alleged support for his argument that a contract cause of action referencing or tangentially involving a patent right does not arise under the federal patent laws. However, these cases are distinguishable from the facts of removal in the present case, which is supported by recent U.S. Supreme Court and Federal Circuit case law. For example, as an essential element of Mr. Kurtzman's First Claim for Relief (Breach of Contract) in Paragraph 53 of the Complaint (Doc. 2-1), Mr. Kurtzman alleges "Adamson breached the Contract by . . . failing to

assign the Patent to Font Plaza once the company was formed." Similarly, as an essential element of Mr. Kurtzman's Third Claim for Relief (Breach of Implied Covenant of Good Faith and Fair Dealing) in Paragraph 66 of the Complaint (Doc. 2-1), Mr. Kurtzman alleges "Adamson failed to act in good faith under the Contract when, among other things, he refused to assign the Patent to Font Plaza." Hence, on the face of the Complaint, "plaintiff's right to relief necessarily depends on resolution" of whether or not a contractual provision creates an obligation to assign a patent in the future. *See Forrester Environmental Services*, 715 F.3d at 1333 (*citing Christianson*, 486 U.S. at 808-09). The question of whether a contractual provision creates an obligation to assign a patent in the future is a matter of federal law. *DDB Techs.*, 517 F.3d at 1290; *Abraxis Bioscience*, 625 F.3d at 1364.

In a recent U.S. Supreme Court decision addressing removal of state law claims under 28 U.S.C. §1338 (a), the Supreme Court held that a state created cause of action could arise under the patent laws for purposes of 28 U.S.C. 1338 (a) provided that the state cause of action involves patent related federal law that is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Forester Environmental Services*, 715 F.3d at 133 (*quoting Gunn v. Minton*, 568 U.S. __, __, 133 S. Ct. 1059, 1065, 185 L. Ed. 2d 72 (2013)).

As noted above, a federal patent law issue is "necessarily raised," *e.g.*, "plaintiff's right to relief necessarily depends on resolution" of the federal patent law issue. The federal patent law issue regarding whether a contractual provision created an obligation for Mr. Adamson to assign a patent is being disputed as demonstrated by the fact that Mr. Kurtzman and Defendants have opposing contentions and Defendants have denied Mr. Kurtzman's contentions regarding this matter. *See, e.g.,* Answer, ¶¶ 53 and 66 (Doc. 9). The issue of whether or not the issue of federal law was substantial and whether it could be resolved in federal court without disrupting the federal-state balance was discussed by the U.S. Supreme Court in *Gunn* in terms of whether resolution of the federal law issue involved deciding an issue that merely involve a past-looking hypothetical or

5

deciding an issue that would have forward looking real consequences. *See Gunn*, 133 S. Ct. at 1066-68; *see also Forrester Environmental Services*, 715 F.3d at 1333-34. In *Gunn*, the Supreme Court held that a state cause of action for legal malpractice did not arise under federal patent law because resolution of the patent related issue would not have any actual real world forward-looking consequences. In *Gunn*, the legal malpractice action was based on whether legal malpractice caused the loss in the patent litigation. The Supreme Court stated: "[n]o matter how the state courts resolve the hypothetical 'case within a case,' the real-world result of the prior federal patent litigation will not change." *See id.* In other words, the patent issues being addressed in that case were merely past-looking hypotheticals and would have no bearing on any future consequences. Accordingly, the court determined that in view of the past-looking nature of the issue and the fact that the state has a substantial interest in regulating attorneys, the federal patent law issue was not sufficiently substantial. *See id.*

Unlike *Gunn*, however, the present case involves resolution of a federal patent related law that will have real forward-looking consequences on who has standing to enforce U.S. Patent No. 8,522,127 ("the '127 Patent"). This is not merely a hypothetical. Indeed, Mr. Kurtzman is an alleged owner of Font Plaza Incorporated, purportedly having 60,000 shares of Font Plaza stock. *See, e.g.,* copies of relevant pages from Font Plaza's document production attached hereto as Exhibit A. Font Plaza has filed a related lawsuit in the Superior Court of the State of California for the County of Los Angeles alleging the same breach for failure to assign the '127 Patent to Font Plaza. *See, e.g.,* First Amended Complaint, ¶¶ 34-38, and 42, filed by Font Plaza in *Font Plaza Incorporated v. Robert G. Adamson III et. al* attached hereto as Exhibit B. In the California action, the company allegedly owned, at least in part, by Mr. Kurtzman (which also happens to be being represented by Mr. Kurtzman's daughter), is specifically demanding that the court order that '127 Patent be assigned to the company allegedly owned by Mr. Kurtzman. Thus, a resolution in the present action regarding contractual provision for the assignment of the '127 patent will likely have

6

a direct effect who has standing to enforce the '127 Patent – Mr. Adamson or the company allegedly owned by Mr. Kurtzman.

According to the Federal Circuit Court of Appeals, a contract provision for assignment of a patent is intimately bound up with the question of standing in patent cases and for this reason the determination of whether there is a contract provision for the assignment or future assignment of a patent is a matter of federal law. *DDB Techs., L.L.C.*, 517 F.3d at 1290; *Abraxis Bioscience, Inc.*, 625 F.3d at 1364. Thus, a determination of a federal patent law related issue at the heart of Mr. Kurtzman's claims will affect a forward-looking consequence impacting who has standing to enforce the '127 patent – hence, making the federal patent law issue substantial and meriting determination by a federal court. Having a federal court address issues affecting standing to sue on a patent is within the state-federal balance established by Congress. Accordingly, the Court should sustain the removal and deny Mr. Kurtzman's Motion to Remand.

Distinguishable from these facts are the cases cited by Mr. Kurtzman. For example, *Ballard Medical Prods. v. Wright*, 823 F.2d 527 (Fed. Cir.1987) involved a licensing agreement having an arbitration clause. The case had been stayed pending arbitration. Removal jurisdiction in that case was based on diversity and the parties attempted to appeal to the Federal Circuit. Both parties wanted to be before the Federal Circuit and argued the Federal Circuit arguments were made for jurisdiction because patent defenses were raised during arbitration. The court in *Ballard Medical* agreed with the arbitrator that "the gist of the controversy was whether certain inventions came within the scope of the license agreement" and that patent validity was not at issue. *See id.* Unlike interpretation of a contract provision for assignment of a patent or future assignment of a patent, interpretation of a licensing agreement is a matter of state law. Moreover, patent defenses raised during arbitration would not create a right of removal at the time this case, particularly where it was decided before enactment of 28 U.S.C. §1454, which provides for removal based on counterclaims.

Similarly, in *Wilson v. Sandford*, 51 U.S. 99 (1850), the plaintiff had entered into a license agreement with defendants and the issue alleged was that "license was forfeited by the failure to

pay." Unlike the present case, there was no need to make a determination under federal law whether an obligation was created for assignment of a patent or to assign a patent in the future.

Likewise, in *Luckett v. Delpark, Inc.*, 270 U.S. 496 (1926), the plaintiff had brought an action for to enforce payment of royalties under a license agreement. Unlike the present case, there was no need to make a determination under federal law whether an obligation was created for assignment of a patent or to assign a patent in the future.

It should also be noted that the Federal Circuit Court of Appeals has distinguished older cases like *Wilson* and *Luckett* which were cases involving license agreements and were decided before implementation of the Federal Rules of Civil Procedure. See Kunkel v. Topmaster International, Inc., 906 F. 2d 693, (Fed. Cir. 1990) (The "historical perspective is important to the instant case because a number of Supreme Court cases concerning federal patent jurisdiction brought by parties who had previously entered into licensing agreements were decided before the adoption of the Federal Rules of Civil Procedure.")

Like *Wilson* and *Luckett*, the court in *Ausherman v. Stump*, 643 F.2d 715, 716 (10th Cir. 1981) was addressing "breach of contract based on the defendants' alleged failure to pay royalties under a patent license." *Id.* Unlike the present case, no federal law related to patents was at issue or necessarily needed to be resolved to obtain a resolution in that case.

In *Combs v. Plough, Inc.*, 681 F.2d 469 (6th Cir. 1982), the plaintiff had alleged fraud, duress, and conversion. Unlike the present case, resolution of the claims regarding patent ownership did not turn on a determination under or interpretation of federal law relating to patents.

Mr. Kurtzman also cites *Beghin-Say Int'l, Inc. v. Ole-Bendt Rasmussen*, 733 F.2d 1568, 1571 (Fed. Cir. 1984) which relies on the *Wilson*, *Ausherman*, and *Combs* cases. As noted by subsequent Federal Circuit cases, *Beghin* involved "a contractual agreement to apply French law as to ownership." *See, e.g., International Nutrition Co. v. Horphag Research Ltd.*, 257 F.3d 1324, 1329-30 (Fed. Cir. 2001). Thus U.S. law was not at heart of the issue. Moreover, the parties did not dispute that an obligation existed to assign at least some patents. The issue raised in *Beghin* was

8

directed at interpreting the scope of what was to be assigned. *Beghin*, 733 F.2d 1568, 1571. This is distinguishable from the present case wherein a dispute exists regarding whether *any* contractual obligation was created for the assignment or future assignment of a patent. In both 2008 and 2010 the Federal Circuit stated that even though state law generally governs the interpretation of contracts, the question of whether a contractual provision creates a patent assignment or whether it creates an obligation to assign a patent in the future is a matter of federal law. *DDB Techs.*, 517 F.3d at 1290; *Abraxis Bioscience*, 625 F.3d at 1364. Thus, the facts of the present case are distinguishable and to the extent that *Beghin* is inconsistent with subsequent *Federal Circuit* cases, it should not be followed.

Finally, in *Prize Frize, Inc. v. Matrix*, 167 F.3d 1261 (9th Cir. 1999), the issue was whether "trade secrets claims were artfully pleaded patent infringement claims." The crux of case appears to involve fraud type claims. As stated by the court, "Prize Frize alleges that the defendants, through a series of unfair, unlawful and collusive actions, deprived Prize Frize of its ownership of, among other things, four patents. . . . The fact that the state law remedies that Prize Frize seeks for alleged trade secret infringement may tangentially involve issues of patent ownership does not convert the state causes of action into federal law claims." *Id.* at 1264. Unlike the present case, nothing in Prize Frize indicates that the "plaintiff's right to relief necessarily depend[ed] on resolution of a substantial question of federal patent law." *Forrester Environmental Services*, 715 F.3d at 1333.

Accordingly, the facts of the present case are distinguishable from cases cited by Mr. Kurtzman and fall within the guidelines set forth by the U.S. Supreme Court in *Gunn* for removal of a state cause of action arising under federal law, because it is premised on resolution of a federal question. Accordingly, the Court should sustain removal and deny Mr. Kurtzman's motion.

  **B.**  *The Court Should Deny Mr. Kurtzman's Request for Attorney Fees and Costs*

In the event that the Court exercises its discretion to remand this case to state court, Mr. Kurtzman's request for attorney fees and costs should be denied. The U.S. Supreme Court, on hearing an appeal from the U.S. Court of Appeals for the Tenth Circuit, held that "absent unusual

circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). The court went on to explain that "[b]y enacting the removal statute, Congress granted a right to a federal forum to a limited class of state-court defendants. If fee shifting were automatic, defendants might choose to exercise this right only in cases where the right to remove was obvious. But there is no reason to suppose Congress meant to confer a right to remove, while at the same time discouraging its exercise in all but obvious cases." *Martin*, 546 U.S. at 140.

Defendants removal of this case to a U.S. District Court is objectively reasonably in light of recent U.S. Supreme Court and Federal Circuit case law setting forth guides for when a state cause of action may arise under the patent laws for purposes of 28 U.S.C. § 1338 (a) and establishing that the determination of whether contractual provisions create an assignment or future assignment of a patent is a matter of federal law. Moreover, the facts of removal in the present case are distinguishable from cases cited by Mr. Kurtzman, particularly in light of recent U.S. Supreme Court and Federal Circuit opinions. Mr. Kurtzman's alleged causes of action require determination of federal rights having forward-looking consequences that will impact Mr. Adamson's standing to assert his patent rights. Accordingly, Mr. Kurtzman's request to remand this case and for attorney fees and costs should be denied.

## IV.     CONCLUSION

For the foregoing reasons, the Court should sustain the removal and deny Mr. Kurtzman's request for attorney fees and costs.

Dated: August 20, 2014                    Respectfully submitted,

                                            */s/ Perry S. Clegg*
                                            **CLEGG, P.C.**
                                            Perry S. Clegg (USB No. 7831)
                                               *court@cleggiplaw.com;*
                                               *pclegg@cleggiplaw.com*
                                            299 South Main, Suite 1300
                                            Salt Lake City, UT 84111
                                            Telephone: (801) 532-3040
                                            Facsimile: (801) 532-3042

                                            *Attorney for Defendants,*
                                            *Robert G. Adamson III*
                                            *XMLAuthor, Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 20th day of August, 2014, a true and correct copy of the foregoing MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND TO STATE COURT was submitted for electronic filing through the Court's CM/ECF system and accordingly served on all parties' counsel having an electronic filing account, including counsel for Plaintiff.

                                            */s/ Perry S. Clegg*
                                            Perry S. Clegg